IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TY D. WESTBROOK, | | |
|     Petitioner, | No. CIV S-06-1338 GEB DAD P | |
| vs. | | |
| DAVID L. RUNNELS, Warden, | | |
|     Respondent. | FINDINGS AND RECOMMENDATIONS | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.[1]

**PRELIMINARY SCREENING**

On June 9, 2006, petitioner commenced this action by filing a petition for writ of habeas corpus, improperly challenging both a 1990 judgment of conviction entered against him in the Alameda County Superior Court as well as the decision by the Board of Parole Hearings in 2001, following a hearing at Folsom State Prison, to deny him parole. Petitioner initially filed his petition in the United States District Court for the Northern District of California. In an order issued June 14, 2006, the United States District Court for the Northern District of California

---

[1] Therefore, petitioner's motions to proceed in forma pauperis will be denied as unnecessary and moot.

1

transferred the case to this court on the grounds that the petition was primarily directed to the manner in which petitioner's sentence was being executed and that the district of confinement was therefore the preferable forum.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."  The Ninth Circuit has also held that a district court may dismiss sua sponte a habeas petition on the grounds that it is untimely under the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  See Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001).

These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition on the ground that it is untimely under the Antiterrorism and Effective Death Penalty Act.  If petitioner desires to respond and to demonstrate to the court that he has filed this action within the applicable statute of limitations or is eligible for tolling, he may file objections to these findings and recommendations.

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

/////

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of §§ 2244(d)(1)(A) & (d)(1)(D)</u>

   In his petition before this court, petitioner claims that the sentencing judge in his underlying state case violated his constitutional rights under the Sixth and Fourteenth Amendments when, on September 18, 1990, he sentenced petitioner to seventeen years to life on his second-degree murder conviction. Petitioner claims that the state trial judge erroneously considered information in the probation report indicating that petitioner had previously shot a man by the name of Donnell Reynolds even though petitioner was never tried for or convicted of that shooting. Petitioner argues that he was never informed of the nature of this charge against him and was not allowed assistance of counsel with respect to such a charge. (Pet. at 6-7.) Nor, petitioner argues, was he ever allowed to plead not guilty or receive a trial by jury on the allegation that was relied upon at the time of sentencing .

Petitioner also alleges in his federal habeas petition that the Board of Parole Hearings violated his constitutional rights under the Sixth and Fourteenth Amendments on November 15, 2001, when the Board relied on this same allegation that he previously had shot a man named Donnell Reynolds in denying him parole for four years and scheduling his next parole hearing for 2005. Again, petitioner argues that he was never informed of any such charge against him, was not allowed assistance of counsel and was never given the opportunity to plead not guilty or receive a trial by jury on this allegation involving uncharged misconduct on his part. (Pet. at 7-9.)

To the extent that petitioner seeks to challenge his 1990 conviction obtained in the Alameda County Superior Court, petitioner's federal petition for writ of habeas corpus pending before this court is time-barred. Petitioner claims that the he was convicted and sentenced in 1990, the California Court of Appeal rejected his direct appeal in 1991, and the California Supreme Court denied his petition for review in 1997. (Pet. at 3-4.) Assuming those dates are accurate, petitioner's federal petition, filed on June 9, 2006, is untimely by approximately nine years.

To the extent that petitioner seeks to challenge the Board of Parole Hearings' 2001 decision denying him parole, his 2006 federal petition for writ of habeas corpus is untimely by approximately five years. In addition, on the face of the application petitioner appears to concede that he has not presented his claims challenging his parole denial to the California Supreme Court. (Pet. at 4.) Thus, petitioner has failed to exhaust state court remedies as required and dismissal is appropriate for that reason as well. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

III. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of

limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

Other than petitioner's direct appeals, according to the allegations of the federal petition he did not file any other petitions, applications, or motions challenging his judgment of conviction or the Board of Parole Hearings' decision to deny him parole.  (Pet. at 4.)  Thus, according to his own allegations, petitioner is not entitled to statutory tolling, and his federal petition for writ of habeas corpus is time-barred.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motions to proceed in forma pauperis (Doc. Nos. 2, 4 and 6) be denied as unnecessary and moot;

2. Petitioner's application for a writ of habeas corpus be dismissed as barred by the statute of limitations; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the

/////

/////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 15, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
west1338.156